UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-00034-EHJ

HUBERT E. BROOKS                                                                                    PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                              DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Hubert E. Brooks ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 10) and the defendant (DN 13) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 3) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered February 27, 2006 (DN 3), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on September 18, 2003 (Tr. 62). Plaintiff alleged that he became disabled on November 15, 2002 as a result of five bulging discs, nerve damage with severe pain, left leg problems, and depression (Tr. 19, 62, 75).

Administrative Law Judge Anne Pritchett ("ALJ") conducted a hearing on May 3, 2005 in Evansville, Indiana (Tr. 339). The plaintiff was present and represented by attorney Joel L. Wesch. Also present and testifying were Teressa Brooks as a fact witness and Thomas Mehaffey, Ph.D., as a vocational expert (Tr. 19, 339).

In a decision dated June 21, 2005, the ALJ found from the medical record that plaintiff's lumbar spinal stenosis with left-sided radiculopathy, obesity, and depression are "severe" impairments within the meaning of the regulations (Tr. 25). However, the ALJ found these impairments are not severe enough to meet or medically equal, "either singly or in combination," one of the impairments listed in Appendix 1 (Tr. 25). Notably, the ALJ indicated she considered Listings 1.04 (disorders of the spine) and 12.04 (depression) in making this determination (Tr. 25). Further, the ALJ explained why plaintiff's impairments, either singly or in combination, did not meet or medically equal the requirements of these listings (Tr. 25-26).

After concluding that plaintiff was limited to performing less than a full range of sedentary work and considering testimony from the vocational expert, the ALJ concluded that plaintiff cannot perform his past relevant work (Tr. 30-31). After considering plaintiff's residual functional capacity, age, education, past work experience, as well as testimony from the vocational expert, the ALJ concluded that plaintiff can perform a significant number of jobs in the regional economy (Tr. 31-33). For the above reasons, the ALJ concluded that plaintiff is not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (Tr. 33). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, ___ U.S. ___, 122 S.Ct. 1265, 1267-1268 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges only the ALJ's findings at the third step in the sequential evaluation process (DN 10). At this step, plaintiff has the burden of demonstrating he has an impairment that meets or medically equals a listing in Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii) and (d); Burgess v. Secretary of Health and Human Services, 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the

diagnosis and severity requirement for the listing. Social Security Ruling 96-5p; 20 C.F.R. § 404.1525(d); Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of the listing, then the Administrative Law Judge will look to the opinions of the State agency medical/psychological advisers and/or the opinion of a testifying medical/psychological expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b); Social Security Ruling 96-5p; Deters v. Secretary of Health, Education and Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

Plaintiff argues the ALJ's findings at the third step are not supported by substantial evidence. After carefully reviewing the record, the undersigned concludes that the ALJ's findings at the third step are supported by substantial evidence (Tr. 25-26). Nor is there any merit to plaintiff's assertion that the ALJ failed to discuss in any meaningful way the reasons why he did not meet or medically equal Listings 1.04 and 12.04 (Tr. 21-26). Further, there is no merit to plaintiff's claim that the ALJ failed to consider the combined effect of his severe impairments when she determined his major depression does not meet or medically equal the B criteria of Listing 12.04 (Tr. 25-26).

Finally, plaintiff contends the ALJ should have considered his physical limitations and pain when she determined whether he met the paragraph B criteria for Listing 12.04 (DN 10). In making this contention plaintiff ignores what is set forth in Listing 12.00C and in paragraph B to Listing 12.04. Put simply, in determining whether plaintiff meets Listing 12.04 the ALJ appropriately limited her consideration to whether plaintiff's mental limitations satisfied the requirements in paragraph B (Tr. 26). 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.00C and

12.04.

In sum, the undersigned concludes that the ALJ's findings at the third step in the sequential evaluation process are supported by substantial evidence in the record and fully comport with applicable law. For these reasons, the undersigned concludes there is no merit to plaintiff's challenges to the ALJ's findings at the third step.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126 United States Courthouse, 423 Frederica Street, Owensboro, Kentucky, 42301.

Copies:	Counsel